IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LINWOOD HARPER,

    Plaintiff,

v.                                        Civil Action No. 3:15CV303

DR. GORE, et al.,

    Defendants.

## MEMORANDUM OPINION

Linwood Harper, a Virginia inmate proceeding pro se and in forma pauperis, has filed this 42 U.S.C. § 1983 action.[1] The action proceeds on Harper's Particularized Complaint. (ECF No. 14.) Harper's Particularized Complaint raised the following claims for relief:

    Claim One:    Nurse Jones (a) acted negligently and (b) violated Harper's rights under the Eighth

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

|              | Amendment[2] by providing Harper the wrong medication on June 25, 2013. (<u>Id.</u> at 5.)[3] |
|---|---|
| Claim Two:   | Nurse Hamlin (a) acted negligently, (b) violated Harper's rights under the First[4] and Fourteenth[5] Amendments by "respond[ing] to Harper's informal complaint in an unprofessional manner," and (c) violated Harper's rights under the Eighth Amendment by failing "to take the proper precautions [for] treating Harper." (<u>Id.</u> at 6.) |
| Claim Three: | Officers Matheny, Quintana, and Crowell (a) acted negligently and (b) violated Harper's rights under the Eighth Amendment by delaying their response to Harper's cellmate's request that Harper receive medical attention. (<u>Id.</u>) |
| Claim Four:  | Sergeants Dugger and Lowe violated Harper's rights under the Eighth and Fourteenth Amendments by delaying their response to Defendants Matheny, Quintana, and Crowell regarding Harper's need for medical attention. (<u>Id.</u> at 7.) |
| Claim Five:  | Dr. Gore (a) acted negligently and (b) violated Harper's rights under the Eighth Amendment by failing to refer Harper to a specialist. (<u>Id.</u> at 8.) |

---

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[3] The Court uses the pagination assigned to Harper's Particularized Complaint by the CM/ECF docketing system. The Court corrects the spacing, capitalization, and punctuation in quotations from the Particularized Complaint.

[4] "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I.

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

2

Harper seeks damages for relief. (Id. at 10-11.)

By Memorandum Opinion and Order entered on November 10, 2016, the Court granted in part and denied in part the Motion to Dismiss filed by Defendants Jones, Hamlin, and Gore, and dismissed Claims One (b), Two (b), Two (c), and Five (b). Harper v. Gore, No. 3:15CV303, 2016 WL 6662697, at *7 (E.D. Va. Nov. 10, 2016). The Court also dismissed all claims against Defendants Quintana and Dugger without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Id.

The matter is before the Court on the Motion for Summary Judgment (ECF No. 52) filed by Defendants Matheny, Crowell, and Lowe (collectively, "Defendants").[6] Despite receiving Roseboro[7] notice, Harper has not responded to the Motion for Summary Judgment. For the reasons stated below, the Court will grant the Motion for Summary Judgment.[8]

I. **STANDARD FOR SUMMARY JUDGMENT**

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the

---

[6] Defendants Matheny, Crowell, and Lowe are correctional officers employed at the Greensville Correctional Center ("GCC"). (Compl. 1.)

[7] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[8] Defendants Jones, Gore, and Hamlin have filed a Motion for Summary Judgment (ECF No. 47) with respect to Claims One (a), Two (a), and Five (a), which the Court will address in a separate Memorandum Opinion and Order.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Id. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. Anderson, 477 U.S. at 251 (citing Improvement Co. v. Munson, 81 U.S. (14 Wall.) 442, 448 (1871)). "'[T]here is a preliminary question for the

judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" Id. (quoting Munson, 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n.7 (5th Cir. 1992)); see Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

Defendants ask the Court to dismiss Harper's constitutional claims because, inter alia, Harper failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Defendants bear the burden of pleading and proving lack of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007). In support of their Motion for Summary Judgment, Defendants submit: (1) the affidavit of S. Tapp, the Institutional Ombudsman at Greensville Correctional Center ("GCC") (Mem. Supp. Mot. Summ. J. Attach. 1 ("Tapp Aff."), ECF No. 53-1); (2) a copy of Virginia Department of Corrections ("VDOC") Operating Procedure § 866.1 (id. Encl. A ("Operating

5

Procedure § 866.1"));[9] and, (3) copies of grievances submitted by Harper (id. Encl. B).

Harper did not respond to the Motion for Summary Judgment, thereby failing to cite to any evidence that he wishes the Court to consider in opposition. See Fed. R. Civ. P. 56(c)(3) (emphasizing that "[t]he court need consider only the cited materials" in deciding a motion for summary judgment). Harper's Particularized Complaint is sworn to under penalty of perjury. Harper also attached an Affidavit to his Particularized Complaint (Part. Compl. Attach. 1 ("Harper Aff."), ECF No. 14-1).

In light of the foregoing submissions, the following facts are established for the Motion for Summary Judgment. The Court draws all permissible inferences in favor of Harper.

## II. PERTINENT FACTS

### A. Facts Underlying Harper's Claims

On June 25, 2013, Harper saw Nurse Jones during pill call at GCC. (Part. Compl. 5.) Nurse Jones gave Harper pills "that he was not familiar with." (Id.) Harper told Nurse Jones "that she ha[d] given him [the] wrong prescription drugs to take and that it was not his medication." (Id.) Nurse Jones replied,

---
[9] The Court has omitted the emphasis in the quotations from this document.

6

"'Harper it's your meds take them,'" so Harper took the medication. (Id.)

That evening, Defendants Matheny and Crowell were on duty in Harper's housing pod. (Id. at 6.) During count, Harper's cellmate called Defendants Matheny and Crowell for assistance after he noticed that Harper was not responding. (Id.) Defendants Matheny and Crowell took 25 minutes to respond. (Id. at 7.) After seeing that Harper was not responsive, Defendants Matheny and Crowell called their supervisors, Defendants Dugger and Lowe. (Id.) After 45 minutes passed, Defendants Dugger and Lowe "finally responded" and told Defendants Matheny and Crowell "to call medical to let them know they will [be] bringing inmate Harper for emergency treatment because he is not responding." (Id.)

### B. VDOC's Grievance Procedure

Operating Procedure § 866.1, Offender Grievance Procedure, is the mechanism used to resolve inmate complaints in the VDOC. (Tapp Aff. ¶ 5.) Operating Procedure § 866.1 requires that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. (Operating Procedure § 866.1.V.B.) Generally, a good faith effort requires the inmate to submit an

7

informal complaint form. (Id. § 866.1.V.B.1.) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the standard "Regular Grievance" form. (Id. § 866.1.VI.A.2.)

"The original Regular Grievance (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Facility Unit Head's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (Id. § 866.1.VI.A.2.b.) The offender must attach to the regular grievance a copy of the informal complaint. (Id. § 866.1.VI.A.2.a.) Additionally, "[i]f 15 calendar days have expired from the date the Informal Complaint was logged without the offender receiving a response, the offender may submit a Grievance on the issue and attach the Informal Complaint receipt as documentation of the attempt to resolve the issue informally." (Id. § 866.1.V.B.2.) A formal grievance must be filed within thirty days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (Id. § 866.1.VI.A.1.)

### 1. Grievance Intake Procedure

Before reviewing the substance of a grievance, prison officials conduct an "intake" review of the grievance to assure that it meets the published criteria for acceptance. (Id.

8

§ 866.1.VI.B.) A grievance meeting the criteria for acceptance is logged in on the day it is received, and a "Grievance Receipt" is issued to the inmate within two working days. (Id. § 866.1.VI.B.3.) If the grievance does not meet the criteria for acceptance, prison officials complete the "Intake" section of the grievance and return the grievance to the inmate within two working days. (Id. § 866.1.VI.B.4.) If the inmate desires a review of the intake decision, he or she must send the grievance form to the Regional Ombudsman within five calendar days of receipt. (Id. § 866.1.VI.B.5.)

### 2. Grievance Appeals

Up to three levels of review exist for a regular grievance. (Id. § 866.1.VI.C.) The Facility Unit Head of the facility in which the offender is confined is responsible for Level I review. (Id. § 866.1.VI.C.1.) If the offender is dissatisfied with the determination at Level I, he or she may appeal the decision to Level II, a review of which is conducted by the Regional Administrator, the Health Services Director, the Superintendent for Education, or the Chief of Operations for Offender Management Services, depending on the grievance's subject matter. (Id. § 866.1.VI.C.2.) The Level II response informs the offender whether he or she "qualifies for" an appeal to Level III. (Id. § 866.1.VI.C.2.g.)

9

**C. Facts Pertaining To Harper's Exhaustion Of Administrative Remedies**

On June 30, 2013, Harper submitted an Informal Complaint, alleging that Nurse Jones had given him the wrong medication and that he was rushed to the hospital later that day. (Tapp Aff. Encl. B., ECF No. 53-1, at 23.)[10] On July 15, 2013, Nurse Hamlin responded, acknowledging that Harper had received the wrong medication, but that he was "brought to medical and appropriate action [was] taken by the medical staff to render [him] care." (Id.) Nurse Hamlin advised Harper that he had the right to refuse any medication offered to him. (Id.)

On July 24, 2013, the institutional grievance office received a Regular Grievance from Harper, in which Harper stated that on June 25, 2013, he was given the wrong medication by Nurse Jones and that he was later rushed to the hospital. (Id. at 19; see Harper Aff. 1.) Harper complained that he was "still feeling the side effects of being given the wrong medication." (Tapp Aff. Encl. B, ECF No. 53-1, at 19.) He asked for further evaluation and to see a psychiatrist. (Id.) On August 24, 2013, J. Halsey Harris responded, "stating that upon investigation into Harper's claims, he had been given the incorrect medications and he was subsequently treated at the hospital." (Tapp Aff. ¶ 9; see id. Encl. B, ECF No. 53-1, at

---

[10] Enclosure B lacks any pagination. Accordingly, the Court hereinafter refers to this submission by its docket number and the pagination assigned by the CM/ECF docketing system.

10

20.) Harris found that Harper's grievance was founded, and that "[a]n action plan was completed on July 5, 2013 by K. Hamlin, RN that included in-service education on the proper procedure of transcribing medications and the importance of checking orders before administering medications to anyone." (Tapp Aff. Encl. B, ECF No. 53-1, at 20.)

Harper appealed the Level I decision to Level II, asking "to be further evaluated by an outside physician and receive mental health services." (Id. at 22.) On September 4, 2013, Harper's Level II appeal was determined to be unfounded. (Id.) Harper was informed that Level II was the last level of appeal for his grievance. (Id.)

"Harper has not submitted any grievances or complaints at [GCC] concerning the response time to his cell on June 25, 2013 . . . ." (Tapp Aff. ¶ 10.) Harper "has also not filed any grievances or complaints concerning Officer Matheny, Officer Crowell, or Sergeant Lowe's actions in relation to the incident at his cell on June 25, 2013." (Id.)

### III. EXHAUSTION ANALYSIS FOR SECTION 1983 CLAIMS

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42

U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." Booth v. Churner, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. See Woodford v. Ngo, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." Id. at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," id. at 90, "'so that the agency addresses the issues on the merits.'" Id. (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. Porter v. Nussle, 534 U.S. 516, 524 (2002).

The record before the Court establishes that Harper failed to pursue a grievance challenging the alleged delay by Defendants in responding to Harper's cellmate's request for assistance. Harper's informal complaint and grievance pertaining to his receipt of the wrong medication from Nurse

12

Jones and his subsequent medical care are not relevant to the determination of whether Harper exhausted his administrative remedies for the distinct claim that Defendants delayed their response. See, e.g., Moore v. Bennett, 517 F.3d 717, 729 (4th Cir. 2008) (concluding that grievances pertaining to medical care for inmate's pancreatic condition and Hepatitis C did not exhaust claims pertaining to inadequate medical care for gout); White v. Levin, No. 3:13CV23, 2014 WL 1056700, at *5 (E.D. Va. Mar. 17, 2014) (citation omitted). Thus, Harper failed to exhaust his administrative remedies because GCC never had the "fair opportunity" to examine the merits of his claims regarding Defendants' delay. Woodford, 548 U.S. at 95.

Harper offers no argument to excuse his failure to exhaust his administrative remedies for his claims brought pursuant to § 1983 against Defendants Matheny, Crowell, and Lowe. Accordingly, Claims Three (b) and Four will be dismissed without prejudice. See Duncan v. Clarke, No. 3:12CV482, 2015 WL 75256, at *9 (E.D. Va. Jan. 6, 2015) (explaining that "the normal remedy for a failure to exhaust under § 1997e(a) is dismissal without prejudice" (citing Booth, 532 U.S. at 735)).

## IV. NEGLIGENCE CLAIMS

In Claim Three (a), Harper contends that Defendants Matheny and Crowell acted negligently by delaying a response to Harper's cellmate's request that Harper receive medical attention.

13

(Part. Compl. 6.) An assertion of negligence of that sort, however, does not state a claim of constitutional dimension. See Deavers v. Diggins, No. 3:13-CV-821, 2015 WL 692835, at *4 (E.D. Va. Feb. 18, 2015) (citing Farmer v. Brennan, 511 U.S. 825, 835, 836 (1994); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

Defendants Matheny and Crowell contend that Harper's claims for negligence are barred by the one-year statute of limitations set forth in section 8.01-243.2 of the Virginia Code. (Mem. Supp. Mot. Summ. J. 10-11, ECF No. 53.) That section provides:

> No person confined in a state or local correctional facility shall bring or have brought on his behalf any personal action relating to the conditions of his confinement until all available administrative remedies are exhausted. Such action shall be brought by or on behalf of such person within one year after cause of action accrues or <u>within six months after all administrative remedies are exhausted, whichever occurs later</u>.

Va. Code Ann. § 8.01-243.2 (West 2016) (emphasis added).

Harper filed this action on May 13, 2015, the date that he placed his Motion for Enlargement of Time in the prison mailing system.[11] See Houston v. Lack, 487 U.S. 266, 276 (1988).

---

[11] The Court opened this action upon receipt of Harper's Motion for Extension of Time. By Memorandum Order entered on May 29, 2015, the Court directed Harper to submit a statement identifying the nature of the action. (ECF No. 3, at 1.) The Court received Harper's response on June 10, 2015. (ECF No. 4.) By Memorandum Order entered on July 20, 2015, the Court granted Harper's Motion for Extension of Time to the extent that the Clerk was directed to file Harper's June 10, 2015 submission as the Complaint in this matter. (ECF No. 7, at 1.)

Harper's claims against Matheny and Crowell accrued on June 25, 2013, when these Defendants allegedly delayed in responding to Harper's cellmate's request for Harper to receive medical attention. Harper failed to file this action within one year of that date. Moreover, as discussed above, Harper has failed to exhaust his available administrative remedies with respect to his claims of negligence against Defendants Matheny and Crowell. Thus, Harper's claims of negligence against Defendants Matheny and Crowell are barred by section 8.01-243.2 of the Virginia Code. Accordingly, Claim Three (a) will be dismissed.

## V. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment (ECF No. 52) will be granted. Claims Three (b) and Four will be dismissed without prejudice. Claim Three (a) will be dismissed.

The Clerk is directed to send a copy of this Memorandum Opinion to Harper and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 13, 2017

15